UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA U. AJULUCHUKU,

    Plaintiff,

v.

JP MORGAN CHASE & CO.,

    Defendant.

                                 /

Case No. 06-CV-11220

Honorable Patrick J. Duggan

## ORDER GRANTING VOLUNTARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 7, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On March 10, 2006, Plaintiff Amanda U. Ajuluchuku brought this *pro se* action against Defendant JP Morgan Chase & Co. in the U.S. District Court for the Southern District of New York.  Plaintiff alleges that Defendant discriminated against her on the basis of her disability in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, *et seq*.  This matter was transferred to this Court pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  By an Order dated March 8, 2006, the case was transferred to this

Court because Plaintiff's claims arise out of events or omissions which allegedly occurred in Detroit, Michigan. (Transfer Or., S.D.N.Y. Mar. 8, 2006).

Following the transfer, on April 3, 2006, Plaintiff filed a motion for voluntary dismissal. According to Plaintiff, she no longer resides in Michigan. Plaintiff asks the Court to dismiss the matter or transfer the case to the federal court where she currently resides, Dallas, Texas.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering a motion to transfer under § 1404(a), the court must ask whether the matter "could have been brought in the transferee court." *MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.*, 23 F. Supp. 2d 729, 739 (E.D. Mich. 1998) (quotation omitted). This means that the transferee district, Dallas, Texas, must: (1) have subject matter jurisdiction; (2) venue must be proper there; and (3) service of process can be made on defendants. *See Roth v. Bank of Commonwealth*, 1978 WL 1133, *1 (E.D. Mich. 1978).

Because the Court lacks information as to whether or not venue is proper in Dallas, Texas, the Court believes that the best course of action is to grant Plaintiff's motion for voluntary dismissal.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a transfer is **DENIED**, but Plaintiff's motion for voluntary dismissal is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:

Amanda U. Ajuluchuku
3440 W. Walnut Hill Lane
Irving, TX 75038